Memorandum. Order of the Appellate Division, reversed, the plea of guilty and judgment of conviction vacated, the motion insofar as it sought to suppress physical evidence granted, and the action remitted to Supreme Court for appropriate proceedings. Defendant was arrested and handcuffed in the hallway adjoining the door of his apartment, or immediately inside the door in the foyer. The police, without a warrant, proceeded nevertheless to search defendant’s living room and bedroom seeking the stolen television set. The television set was not found, but in the bedroom the police found an imitation pistol similar to that used in the robbery lying in "plain view” in a partially-open dresser drawer. The search was not conducted pursuant to a valid search warrant, or incidental to the completed arrest outside the searched premises, or with defendant’s consent. Thus, the physical evidence seized should be suppressed because it was the product of an illegal search, although the arrest was proper (see Agnello v United States, 269 US 20, 33; Chimel v California, 395 US 752, 763; cf. People v Loria, 10 NY2d 368, 373-374).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, plea of guilty and judgment of conviction vacated, motion insofar as it sought to suppress physical evidence granted, and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the memorandum herein.