■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADE ADE-KALU, Appellant.—Judgment of the Supreme Court, New York County, rendered April 21, 1975, convicting defendant of criminal possession of a dangerous drug in the third degree, unanimously reversed, on the law; the order of said court, entered September 23, 1973 denying defendant's suppression motion unanimously reversed, on the law, and granted, and the indictment dismissed. A complaint of rape by a young lady brought three detectives, whom she accompanied, to the front door of defendant's apartment. She asserted to them that one of the sexual acts took place on the waterbed in the apartment. The complainant rang the doorbell and defendant opened the door. Satisfied of her identification of defendant as the alleged perpetrator, they arrested him at the doorway for the crime of rape. Entering the apartment, they handcuffed and took him into the living room, where he remained in custody. They had no warrant for his arrest or for the search of his apartment. Nevertheless, one of the officers, allegedly seeking to find the waterbed, proceeded from the living room to the doorway of a bedroom, from which point he saw the waterbed, about three or four feet away inside the bedroom. He thereupon entered the bedroom for the professed purpose of examining the waterbed. The officer testified that while he was standing next to the waterbed he "turned around" and "at some time looked into this [open walk-in] closet" in the bedroom, about three feet away, on a shelf of which he observed clear plastic bags containing vegetable matter that he as a police officer on the narcotics squad for 30 months recognized as cannabis. He stated the doors of the closet were "like louver doors that were open." Seizing the bags, the officer returned to the living room, where he placed defendant under arrest for illegal possession of a dangerous drug. According to the detectives, defendant then sought to buy his way out of his predicament by offering them $700. Defendant was subsequently indicted for rape in the first degree, unlawful imprisonment in the second degree, assault in the third degree, criminal possession of a dangerous drug in the third degree, and bribery in the third degree. First tried on the charges of rape, unlawful imprisonment and assault, he was acquitted on those charges. He was then tried for the remaining charges and although acquitted of bribery, he was convicted of criminal possession of a dangerous drug in the third degree, the seized marijuana. He is now in State prison, serving his sentence, the maximum of which is three years. On this appeal, defendant attacks the denial of his motion to suppress the seizure of the marijuana, claiming that the action of the detective in entering defendant's bedroom following his arrest and then seizing the marijuana from his closet, was unlawful. The District Attorney contends that the detectives properly arrested defendant, that they thereafter had a right to proceed into the bedroom to determine if in fact the waterbed existed and once there to seize the contraband which was in "plain view". This case is not dissimilar to *People v Williams* (37 NY2d 206, 208), where "Defendant was arrested and handcuffed in the hallway adjoining the door of his apartment, or immediately inside the door in the foyer. The police, without a warrant, proceeded nevertheless to search defendant's living room

and bedroom seeking the stolen television set. The television set was not found, but in the bedroom the police found an imitation pistol similar to that used in the robbery lying in 'plain view' in a partially-open dresser drawer. The search was not conducted pursuant to a valid search warrant, or incidental to the completed arrest outside the searched premises, or with defendant's consent." The Court of Appeals held that the physical evidence seized should be suppressed because it was the product of an illegal search although the arrest was proper (citing *Agnello v United States,* 269 US 20, 33; *Chimel v California,* 395 US 752, 763; cf. *People v Loria,* 10 NY2d 368, 373–374). We agree that the search here was illegal and that the motion to suppress should have been granted. We should be ever mindful of the observation of the Supreme Court: "The 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminatory at last emerges." *(Coolidge v New Hampshire,* 403 US 443, 466.) Concur—Stevens, P. J., Birns, Silverman, Capozzoli and Lynch, JJ.