OPINION OF THE COURT
Memorandum.
Order of the Appellate Division reversed, and the indictments dismissed.
The order reversing the trial court’s dismissal of Indictment No. 2509 (heroin sale) for failure of the People to produce legally sufficient evidence must be reversed, as the People straightforwardly agree, because reprosecution on the indictment is barred by double jeopardy (see People v Key, 45 NY2d 111, 117; People v Brown, 40 NY2d 381, 393, cert den 433 US 913, mot for rearg den 42 NY2d 1015).
As to Indictment No. 2508 (cocaine possession), suppression of the contraband seized following defendant’s arrest is required. While the arrest in the hallway may have been proper, the ensuing search of the apartment was not (see People v Williams, 37 NY2d 206, 208). The police did not have to enter the subject apartment, and indeed did not, in order to arrest defendant and his cohorts. The arrests took place in the hallway outside the apartment, and, as the hearing court found in suppressing the contraband, "There was no evidence to suggest the presence of any other persons in the apartment to justify the search for the protection of the Police Officers against a hidden assailant.” The search cannot, therefore, be justified as incident to the arrest. Similarly, since the arrests took place in the hallway, and the narcotics were found in the kitchen, the "plain view” exception is not applicable.
Moreover, once the arrests were completed, there was no significant danger that any existing contraband would be destroyed. Important in this regard is that the police had no reason to believe contraband was in any particular place, if any remained in the apartment at all after the toilet flushings heard through the door before defendant and his companions emerged (compare People v Clements, 37 NY2d 675, esp pp *989 684-685, cert den 425 US 911). No general rummaging search without a warrant was permissible.
Since the contraband was properly suppressed, the indictment must be dismissed (CPL 450.50).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.