■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TOM CHOU, Respondent. [610 NYS2d 65] —Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated July 28, 1992, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the order is affirmed.

After the suppression hearing, the hearing court suppressed certain exculpatory and inculpatory statements made by the defendant to the police. With respect to the first set of exculpatory statements which were suppressed, the hearing court concluded that the statements were involuntary and made in a custodial setting without the benefit of Miranda warnings. The court determined that the defendant's next exculpatory statement was the result of the defendant's "unlawful and pretextual" arrest. The court also determined that the defendant's reiteration of this statement about one hour after his arrest had to be suppressed because it was not sufficiently attenuated from the illegal arrest. Finally, the hearing court concluded that the defendant's inculpatory statements were involuntarily made while the defendant was in custody in violation of Dunaway v New York (442 US 200) and after he had invoked, and had been denied, his right to counsel.

It is well settled that a hearing court's determination is to be accorded great deference on appeal and will not be disturbed absent a clear showing that it is unsupported by the record (see, People v Bueno, 177 AD2d 586; People v Cartier, 149 AD2d 524, cert denied 495 US 906). In the present case, we discern no basis in the record to upset the hearing court's assessment of the witnesses' credibility. Further, the record supports the hearing court's factual determinations that the suppressed statements were the product of either custodial interrogation without the benefit of Miranda warnings, or unlawful custody, or in violation of the defendant's right to counsel. We note that although the record does not support

the hearing court's finding that the defendant's inculpatory statements were involuntary, suppression of those statements was nevertheless proper because the evidence establishes that the statements were made while the defendant was unlawfully in custody and after he had invoked his right to counsel.

The hearing court also properly suppressed the physical evidence recovered during a search of the defendant's apartment. The record supports the court's determination that the People failed to prove that the defendant's brother voluntarily consented to the search (see, People v Gonzalez, 39 NY2d 122). When the defendant's brother signed the consent form without reading it, he was in custody, had a limited knowledge of the English language, and was unfamiliar with police procedure. Moreover, he was surrounded by a number of police officers and agents of the Drug Enforcement Agency (DEA). Finally, neither the police officers, nor the DEA agents, advised him that they wanted to search the apartment or explained that he had the right to withhold his consent to the search. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.