■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAPHAEL AZOUNA, Also Known as RAPHAEL AZOONA, Respondent. [692 NYS2d 80] —Appeal by the People from an order of the Supreme Court, Queens County (Rios, J.), dated March 12, 1998, which granted those branches of the defendant's motion which were to suppress identification testimony and physical evidence recovered from the defendant and from his home.

Ordered that the order is affirmed.

In determining whether exigent circumstances exist so as to permit the warrantless entry of law enforcement officers into a

person's home, the hearing court must consider: (1) the gravity or violent nature of the offense with which the suspect is to be charged, (2) whether there is reason to believe the suspect is armed, (3) a clear showing of probable cause to believe that the suspect committed a crime, (4) strong reason to believe that the suspect is in the premises being entered, (5) the likelihood that the suspect will escape if not swiftly apprehended, and (6) the time of day of the entry and whether the entry was peaceful in nature (*see, People v Burr,* 70 NY2d 354, 360; *People v Mealer,* 57 NY2d 214, 219; *People v Levine,* 174 AD2d 757, 759; *People v Cartier,* 149 AD2d 524, 525, *cert denied* 495 US 906; *People v Bero,* 139 AD2d 581, 584-585; *People v Bossett,* 124 AD2d 740, 742).

Applying these factors to the circumstances of the instant case, we find that no exigent circumstances existed to justify the warrantless entry into the defendant's home, and the defendant's motion to suppress physical evidence and identification testimony was properly granted.

The appellant's remaining contentions are without merit. S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.