■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL BOST, Appellant. [693 NYS2d 235] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered April 16, 1998, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McDonald, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

Contrary to the People's contention, the warrantless search of the defendant's apartment, after his arrest in his backyard, was not justified pursuant to either the emergency exception to the warrant requirement or as a "protective sweep" incident to his arrest.

The hearing testimony indicated that the defendant was implicated in a drive-by shooting one evening. The following morning, an investigating officer learned where the defendant resided and that he resided with another man allegedly connected with other unrelated homicides. However, there was no testimony that the roommate was sought in connection with the shooting investigation or for any other unrelated crime. Rather than obtain an arrest or search warrant, the officer waited until approximately 5:00 P.M. the following evening before going to the defendant's apartment with other officers to arrest him. After the defendant answered the door and complied with the officer's request to exit the apartment, he was arrested in the backyard. The officer then entered the dark apartment with a high-powered flashlight. The drugs providing the basis for the defendant's convictions were allegedly in plain view in the living room, which was off the hallway through which the officer entered the apartment. The defendant was acquitted of all charges stemming from the shooting.

This record is devoid of exigent circumstances justifying the warrantless search of the defendant's apartment. The police

had the opportunity to obtain a warrant before his arrest (*see, People v Burr,* 70 NY2d 354, 360, *cert denied* 485 US 989; *People v Mealer,* 57 NY2d 214, 219, *cert denied* 460 US 1024; *People v Azouna,* 261 AD2d 552; *People v Levine,* 174 AD2d 757, 759).

The officer was not justified in entering the defendant's apartment pursuant to a "protective sweep" based on speculation that his roommate might be home and might pose a threat to the officers' safety. As a precautionary matter, officers may conduct a "protective sweep", a quick limited pass through spaces immediately adjoining the place of arrest, to check for third persons who might destroy evidence or pose a threat to the officers or the public (*see, Maryland v Buie,* 494 US 325, 334; *United States v Agapito,* 620 F2d 324, *cert denied* 449 US 834; *People v Rivera,* 172 AD2d 1059). To justify entry into an apartment, an officer must possess "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene" (*Maryland v Buie, supra,* at 334). Here, a lone officer entered a dark apartment allegedly to ensure his and his fellow officers' safety, while four to five other officers remained with the arrested defendant in the backyard. Such a warrantless entry was not justified in the absence of a factual predicate from which the officer could reasonably infer that the apartment contained a third person (*see, People v Hernandez,* 218 AD2d 167; *cf., People v Villalba,* 208 AD2d 782; *People v Martinez,* 187 AD2d 992). Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.