■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD W. JACKSON, Appellant. [829 NYS2d 331]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered November 17, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal trespass in the second degree, and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), criminal trespass in the second degree (§ 140.15), and criminal possession of stolen property in the fifth degree (§ 165.40). Defendant contends that there was a *Batson* violation based on the failure of the prosecutor to offer a race-neutral explanation for her exercise of a peremptory challenge with respect to a black prospective juror. We reject that contention (*see generally People v Brown*, 97 NY2d 500, 507 [2002]; *People v Childress*, 81 NY2d 263, 266 [1993]). The prospective juror at issue stated that she knew 20 people who had been prosecuted for various crimes in western New York. The prosecutor explained that, because most of those people would have been prosecuted by the District Attorney's office, she was concerned about the ability of the prospective juror to be fair, regardless of her protestations to the contrary. We conclude that the prosecutor thus offered a race-neutral explanation for her exercise of a peremptory challenge with respect to that prospective juror.

We reject defendant's further contention that the evidence is legally insufficient to support the conviction of burglary in the second degree and criminal trespass in the second degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his challenge to the jury instruction concerning his various statements (*see* CPL 470.05

[2]; *People v Shaut*, 261 AD2d 960, 961 [1999], *lv denied* 93 NY2d 1045 [1999]). In any event, we conclude that defendant's challenge lacks merit. The jury instruction at issue was in accord with the model charge set forth in 1 CJI(NY) 11.01 (at 656), which should be given when a defendant's statements are admitted in evidence in order to establish the defendant's guilt (*see generally* CPL 60.45, 710.70 [3]; *People v Huntley*, 15 NY2d 72 [1965]). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.