THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEOTIS JOHNSON, Appellant. [904 NYS2d 847]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 14, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a weapon in the second degree under count four of the indictment and as modified the judgment is affirmed, and a new trial is granted on count four of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal mischief in the fourth degree (§ 145.00 [1]). We note at the outset that, although Supreme Court denied his *Batson* challenges with respect to the prosecutor's exercise of peremptory challenges to three prospective jurors, defendant contends on appeal that the court erred only with respect to two of those prospective jurors and thus has abandoned any issues with respect to the third prospective juror (*see generally People v Simmons*, 63 AD3d 1605 [2009], *lv denied* 12 NY3d 929 [2009]; *People v Bridgeland*, 19 AD3d 1122, 1123 [2005]). We conclude with respect to the two prospective jurors in question that the court properly determined that the prosecutor provided race-neutral explanations for exercising peremptory challenges to exclude them, e.g., that defense counsel had represented the son of one of those prospective jurors (*see generally People v McCoy*, 46 AD3d 1348, 1349, [2007] *lv denied* 10 NY3d 813 [2008]), and the other had a family member who had recently been accused of committing a crime (*see People v Craig*, 194 AD2d 687, [1993] *lv denied* 82 NY2d 716 [1993]; *People v McArthur*, 178 AD2d 612, [1991] *lv denied* 79 NY2d 950 [1992]). Defendant, as the moving party, failed to meet "the ultimate burden of persuading the court that the reasons [were] merely a pretext for intentional discrimination" (*People v Smocum*, 99 NY2d 418, 422 [2003]; *see People v James*, 99 NY2d 264, 270 [2002]).

We agree with defendant, however, that the court erred in denying his request to charge criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) as a lesser included offense of criminal possession of a weapon in the second degree as charged in count four of the indictment (§ 265.03 [1] [b]). As the People correctly concede, "[c]riminal possession of a weapon in the fourth degree [under subdivision (1)] is a proper lesser included offense of criminal possession of a weapon in the second degree [under subdivision (1) (b)] because it is theoretically impossible to commit the greater offense without concomitantly committing the lesser offense" (*People v Pulley*, 302 AD2d 899, 900, [2003] *lv denied* 100 NY2d 565 [2003]). In addition, we agree with defendant that there is a reasonable view of the

evidence to support a finding that he committed the lesser offense but not the greater (*see id.; see generally People v Glover*, 57 NY2d 61, 63 [1982]). We therefore modify the judgment by reversing that part convicting defendant of criminal possession of a weapon in the second degree under count four of the indictment, and we grant a new trial on that count of the indictment.

In light of our determination, we do not address defendant's contention with respect to the sentence imposed on count four of the indictment, and the sentence otherwise is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit. Present— Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.