■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENDINE HARPER, Appellant. [954 NYS2d 127]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered July 28, 2008, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Roman, J.), after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from the defendant's apartment is granted, and a new trial is ordered.

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). However, we order a new trial on the ground that the physical evidence recovered from the defendant's apartment should have been suppressed. Moreover, contrary to the People's contention, the failure to suppress the physical evidence was not harmless error.

The following testimony was adduced at the *Mapp* hearing (*see Mapp v Ohio*, 367 US 643 [1961]), prior to trial. On the evening of the incident giving rise to the defendant's indictment and conviction, police officers responded to reports of a dispute in the hallway of an apartment building in Queens. When they arrived at the location, a trail of blood led officers to the complainant's apartment on the second floor, where they found her bleeding from several cuts and lacerations. The complainant told the police officers that she had been stabbed by the two women who lived in the apartment directly above hers.

Upon this information, Sergeant William Sommer and another officer went upstairs to the third floor and knocked on the door of the defendant's apartment. The defendant answered in her robe and admitted that she and her daughter, who was staying with her, had been involved in an altercation with her downstairs neighbor. The two women were placed in handcuffs in the hallway. At that point, Sergeant Sommer asked if anyone else was inside the apartment, and the defendant said no. The sergeant asked if he could verify that no one else was in the apartment, and the defendant agreed. While in the apartment, the sergeant saw a knife and a machete in plain view, and these items were recovered. The defendant and her daughter were placed under arrest. Subsequently, the defendant moved, inter alia, to suppress the physical evidence, and the hearing court, among other things, denied that branch of the motion.

Contrary to the People's contentions, the warrantless search was not justified by either exigent circumstances (*see People v Mitchell*, 39 NY2d 173, 177-178 [1976], *cert denied* 426 US 953 [1976]) or the defendant's alleged consent (*see People v Gonzalez*, 39 NY2d 122, 128 [1976]). Given that the altercation had ended by the time the police arrived, the injured complainant had been identified, and the two alleged assailants apprehended, the emergency exception to the warrant requirement did not apply (*see People v Fields*, 45 NY2d 986, 988 [1978]). The sergeant did not have reasonable grounds to believe that another victim was in the defendant's apartment (*see People v Mitchell*, 39 NY2d at 177-178; *compare People v Rodriguez*, 77 AD3d 280, 285-287

[2010]). Likewise, the "protective sweep" exception also did not apply "in the absence of a factual predicate from which the [sergeant] could reasonably infer that the apartment contained a third person" who might destroy evidence or pose a threat to the officers or the public (*People v Bost*, 264 AD2d 425, 426 [1999]).

Whether consent to a search is voluntary "is a question of fact to be determined from the totality of all the circumstances" (*Schneckloth v Bustamonte*, 412 US 218, 227 [1973]), and "[n]o one circumstance is determinative of the voluntariness of consent" (*People v Gonzalez*, 39 NY2d at 128). Under the particular circumstances of this case, which included, inter alia, the facts that the defendant was handcuffed outside of her apartment and was told that the purpose of the entry was to check for individuals only, the People failed to meet their burden of proving the voluntariness of the defendant's consent to the search (*see generally People v Gonzalez*, 39 NY2d at 128; *People v Chou*, 203 AD2d 299, 300 [1994]; *cf. People v Richards*, 119 AD2d 597, 597-598 [1986]). Accordingly, that branch of the defendant's omnibus motion which was to suppress the physical evidence should have been granted. We further conclude that this error was not harmless beyond a reasonable doubt (*cf. People v Smith*, 97 NY2d 324, 330-331 [2002]), as the evidence of the defendant's guilt, without reference to the knife and machete recovered from her apartment, was not overwhelming (*cf. People v Arafet*, 13 NY3d 460, 467 [2009]). Here, the prosecution's only witnesses to the altercation were the complainant, who gave a conflicting account of what happened, and her fiancé, who arrived after the fight had already begun.

The defendant's remaining arguments are without merit. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.