# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1149

KA 12-00851

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                              MEMORANDUM AND ORDER

CORNELL B. WEATHERS, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR APPELLANT.

LESLIE R. LEWIS, NEW HARTFORD, FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Barry M. Donalty, A.J.), dated September 14, 2011. The order granted that part of the motion of defendant to suppress certain physical evidence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: In each appeal, the People appeal from an order granting those parts of the respective motions of defendants seeking suppression of all of the physical evidence recovered from their residence (premises). We affirm. We conclude that Supreme Court properly determined that the police lacked exigent circumstances to enter the premises without a warrant (*see People v Hunter*, 92 AD3d 1277, 1280-1281; *see generally People v McBride*, 14 NY3d 440, 446, *cert denied* ___ US ___, 131 S Ct 327). The evidence at the suppression hearing established that the police received information from an informant that a suspect was going to the premises to purchase cocaine. The police observed that suspect, for whom they had a warrant to search his person and residence, enter the premises and then exit approximately five minutes later with another man. The other man drove away, and the suspect walked toward his residence. The police apprehended the suspect and arrested him. Upon executing the warrant, the police found cocaine on the suspect's person and at his residence. Thereafter, the police forcibly entered the premises without a warrant and secured the premises until a warrant could be obtained. A police investigator testified that the police entered the premises without a warrant because they were concerned that the occupants of the premises would dispose of any cocaine located there. At the time of the entry, however, the police had no reason to believe that anyone remained at the premises because the police waited approximately 30 minutes after the suspect's arrest before entering

the premises and did not keep the premises under surveillance during that time.  Thus, there is no evidence that the police had "a reasonable belief that [any] contraband [was] about to be removed . . . [or] information indicating that the possessors of [any] contraband [were] aware that the police [were] on their trail" (*People v Lewis*, 94 AD2d 44, 49).  Finally, we do not address the People's contention concerning the independent source theory, which is raised for the first time on appeal and thus is not properly before us (*see People v Johnson*, 64 NY2d 617, 619 n 2; *People v Dodt*, 61 NY2d 408, 416; *see also People v Hunter*, 17 NY3d 725, 727-728).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court