■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAIM MUHAMMAD, Appellant. [954 NYS2d 231]—

Appeal by the defendant from a judgment of Supreme Court, Queens County (Lasak, J.), rendered April 28, 2010, convicting him of murder in the second degree (two counts), attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt of murder in the second degree as to Derrick Samuels and of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt in connection with these crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that his conviction of attempted murder in second degree as to Jeffrey Roddy was not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v McDaniel*, 84 AD3d 1410, 1411 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove his guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt in connection with the crime of attempted murder in the second degree as to Jeffrey Roddy was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to defendant's contention, the Supreme Court properly denied his application to charge the jury on manslaughter in the first degree as a lesser-included count of murder in the second degree in connection with the murder of Jeanette Boskett. There was no reasonable view of the evidence which would support a finding that the defendant committed manslaughter in the first degree, but did not commit murder in the second degree (*see* CPL 300.50; *see also People v Butler*, 84 NY2d 627 [1994]; *People v Scarborough*, 49 NY2d 364 [1980]).

The defendant's contention that the Supreme Court should have granted his request for a missing witness charge as to James Everett and Johnson Thompson is without merit.

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.