# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**226**
**KA 10-02301**
PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TYQWAN COLES, ALSO KNOWN AS SMOOTH/SMOOVE/KEVIN
HARRIS, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CHRISTOPHER HAMMOND OF
COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 16, 2010. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), unlawful possession of marihuana and criminally using drug paraphernalia in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Ontario County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant's contention that the evidence is legally insufficient to support the conviction of those counts is preserved for our review only insofar as he contends that the two main prosecution witnesses were not credible (*see People v Gray*, 86 NY2d 10, 19), and that contention is without merit (*see People v Moore* [appeal No. 2], 78 AD3d 1658, 1659). The relevant witnesses' testimony was not "incredible as a matter of law inasmuch as it was not . . . manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925).

We reject defendant's contention that County Court erred in denying his *Batson* challenge. The prosecutor provided race-neutral reasons for exercising a peremptory challenge with respect to the prospective juror, i.e., that the juror had a law degree and he did not want jurors with law degrees on the panel (*see People v Ardrey*, 92

AD3d 967, 969, *lv denied* 19 NY3d 861), and that she worked as a human rights specialist, which the prosecutor perceived as a career indicating a bias in favor of the defense (*see People v Tucker*, 256 AD2d 1019, 1020).  The court properly determined that the proffered reasons were not pretextual (*see People v Johnson*, 74 AD3d 1912, 1913; *People v Sampson*, 74 AD3d 1866, 1867, *lv denied* 15 NY3d 923).

Contrary to defendant's further contention, the court properly denied his motion for a mistrial, which was based on allegations of prosecutorial misconduct during summation.  In his opening statement, defense counsel told the jurors that they would "see a lot of sharks" during the trial.  In his summation, defense counsel said "I promised you sharks and we got sharks," and then said that two of the prosecution witnesses were sharks.  In response, the prosecutor said "[s]harks are predators.  Sharks take advantage of smaller, weaker fish.  That is the shark right there, (INDICATING)."  Later, he said "[t]he only shark—well, there's two I guess you could say, but they're sitting on that side of the Courtroom.  They didn't take that witness stand like [two prosecution witnesses] did and tell you the truth."  Defense counsel objected and moved for a mistrial.  The court issued a curative instruction that the jury was to disregard the prosecutor's "comment that there's two sharks sitting over there and further disregard the comment that they didn't take the witness stand.  You are instructed to disregard that.  Obviously the reference was to [d]efendant and [defense counsel], and obviously [defense counsel] doesn't have to testify.  He is not a witness in this case."  Although defendant did in fact testify, we conclude that the court should have instructed the jury that defendant was not required to do so and that the People bore the burden of proof (*see People v Peterson*, 71 AD3d 1419, 1420, *lv denied* 14 NY3d 891).  Nevertheless, we conclude that the prosecutor's comments were not so egregious as to deny defendant a fair trial (*see People v Williams*, 195 AD2d 986, 987, *lv denied* 82 NY2d 905).

Many of the remaining instances of alleged prosecutorial misconduct have not been preserved for our review (*see* CPL 470.05 [2]), and in any event most of the instances that defendant contends constituted misconduct were entirely proper, such as the prosecutor's fair comment on the evidence (*see People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915).  To the extent that any of the conduct was improper, we conclude that the " 'improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY2d 583; *see People v Caldwell*, 98 AD3d 1272, 1273, *lv denied* 20 NY3d 985).

Defendant failed to preserve for our review his challenges to the validity of the search warrant (*see* CPL 470.05 [2]), and we decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Defendant further contends that the court should have suppressed the evidence seized from his apartment and his statement to the police because the police entered his home unlawfully prior to the issuance of the warrant.  "It is firmly established that 'police officers need either a warrant or probable cause plus exigent circumstances in order

to make a lawful entry into a home' " (*People v Kilgore*, 21 AD3d 1257, 1257, quoting *Kirk v Louisiana*, 536 US 635, 638).  While we agree with the court that the police had probable cause to enter defendant's apartment, we conclude that the court erred in determining that there were exigent circumstances.

Factors to consider in determining whether exigent circumstances exist are "(1) the nature and degree of urgency involved and the amount of time needed to obtain a warrant; (2) a reasonable belief that the contraband is about to be removed; (3) the possibility of danger to police officers guarding the site of the contraband while a search warrant is sought[;] and (4) information indicating that the possessors of the contraband are aware that the police are on their trail" (*People v Lewis*, 94 AD2d 44, 49; *see also People v Bost*, 264 AD2d 425, 426).  Here, the People failed to meet their burden of establishing that exigent circumstances existed to enter defendant's apartment without a warrant (*see generally People v Knapp*, 52 NY2d 689, 694).  The People established that, earlier that day, defendant sold drugs to a police agent inside his residence.  In the afternoon, defendant again sold drugs to the police agent at a location outside his home.  Defendant was arrested after that sale as he was driving his vehicle back toward his residence.  The police went to defendant's residence 45 minutes after his arrest and climbed through a window to make sure that no one was inside the residence who could destroy evidence before the police could obtain a warrant.

Based on that evidence, we conclude that there was no urgency to enter defendant's residence.  Although there was a reasonable belief that contraband was inside the residence, there was no reasonable belief that it was about to be removed, that the police would be in danger as they guarded the residence, or that defendant had accomplices who would try and destroy any contraband inside the residence.  Indeed, defendant was in custody at the police station at the time of the search, and there was no testimony that any other person was likely to be inside the residence (*see People v Weathers*, 100 AD3d 1521, 1522; *People v Harper*, 100 AD3d 772, 774).  Moreover, this case does not involve a situation where the police agent told the officers that other persons were present when she purchased the drugs from defendant (*cf. People v Bryant*, 91 AD3d 558, 558, *lv denied* 20 NY3d 1009; *People v Lasso-Reina*, 305 AD2d 121, 122, *lv denied* 100 NY2d 595).

While we conclude that the People did not establish that exigent circumstances existed, they raised the independent source theory at the suppression hearing (*cf. Weathers*, 100 AD3d at 1522).  In light of its determination that exigent circumstances existed, the court did not rule on whether defendant established that the seizure of the evidence and his statement to the police were causally related to the unlawful entry into his residence (*see generally People v Arnau*, 58 NY2d 27, 32, *cert denied* 468 US 1217).  We have no power to " 'review issues either decided in an appellant's favor, or not ruled upon, by the trial court' " (*People v Concepcion*, 17 NY3d 192, 195), and we thus cannot address the independent source theory (*see People v*

*Ingram*, 18 NY3d 948, 949).  We therefore hold the case, reserve decision and remit the matter to County Court to determine whether the evidence and statement should be suppressed as the fruit of the illegal entry (*see People v Adams*, 96 AD3d 1588, 1589; *see generally People v Muhammad*, 17 NY3d 532, 547).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court