# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**229**

**KA 11-01343**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JUSTIN BOYSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, MITCHELL GORIS STOKES & O'SULLIVAN, LLC, CAZENOVIA (STEWART F. HANCOCK, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 20, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress the evidence seized by the police during the search of defendant's person incident to his unlawful arrest is granted, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [3]), defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking to suppress controlled substances seized from his person and his residence. We agree in part with defendant. Because the evidence at the suppression hearing established that defendant was arrested inside his home without a warrant and in the absence of exigent circumstances, the arrest was unlawful, and thus the court erred in denying his motion insofar as it sought suppression of the small amount of drugs seized from his person during the search incident to arrest (*see People v Kozlowski*, 69 NY2d 761, 762, *rearg denied* 69 NY2d 985; *People v Kilgore*, 21 AD3d 1257, 1257-1258; *see generally Payton v New York*, 445 US 573). We reject defendant's contention, however, that the court erred in refusing to suppress the more substantial quantity of drugs found by the police in his apartment. The police seized those drugs during a search executed pursuant to a lawful warrant, which was based upon "information obtained prior to and independent of the illegal entry" and was not tainted by any evidence

that should have been suppressed because of the *Payton* violation (*People v Arnau*, 58 NY2d 27, 33; *see generally* CPL art 690; *People v Hanlon*, 36 NY2d 549, 559).

We reject defendant's contention that the package of cocaine that was sent from Paraguay and addressed to him was unlawfully seized by customs agents in violation of 19 USC § 482. Given the size and weight of the package, the customs agents reasonably suspected that it may contain merchandise that was imported contrary to law, and thus a search of the package was lawful under 19 USC § 482 even in the absence of any reason to believe that the package contained drugs or contraband (*see United States v Ramsey*, 431 US 606, 611-615; *see generally United States v Gaviria*, 805 F2d 1108, 1111-1112, *cert denied* 481 US 1031). In any event, even if defendant's package had been opened in violation of 19 USC § 482, we conclude that defendant's constitutional rights were not violated, and therefore suppression of the contents of that package was not required (*see People v Patterson*, 78 NY2d 711, 716-717; *see also People v Crawley*, 265 AD2d 905, 905, *lv denied* 94 NY2d 821). Defendant's constitutional rights were not violated inasmuch as the opening of the package from overseas constituted a border search (*see Ramsey*, 431 US at 620-621), which may be conducted "without probable cause or a warrant, in order to regulate the collection of duties and to prevent the introduction of contraband into this country" (*United States v Montoya de Hernandez*, 473 US 531, 537).

We therefore reverse the judgment of conviction, vacate the guilty plea, grant that part of defendant's omnibus motion seeking to suppress the evidence seized by the police during the search of defendant's person incident to his unlawful arrest, and remit the matter to Supreme Court for further proceedings on the indictment.

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court