■ The People of the State of New York, Respondent, v Tyqwan Coles, Also Known as Smooth, Also Known as Smoove, Also Known as Kevin Harris, Appellant. [984 NYS2d 524]—

Appeal from a judgment of the Ontario County Court (Wil-

liam F. Kocher, J.), rendered July 16, 2010. The appeal was held by this Court by order entered April 26, 2013, decision was reserved and the matter was remitted to Ontario County Court for further proceedings (105 AD3d 1360). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to County Court to determine whether the evidence seized from defendant's apartment and his statement to the police should be suppressed as the fruit of the illegal entry into his apartment prior to the issuance of the search warrant (*People v Coles*, 105 AD3d 1360, 1363 [2013]). We determined in our prior decision that none of defendant's remaining contentions on the appeal from the judgment of conviction after a jury trial warranted reversal or modification of the judgment (*id.* at 1360-1362). Upon remittal, the court denied defendant's request for suppression, and we now affirm. The court properly concluded that defendant's statements given at the police station and the evidence seized from the apartment upon the execution of the search warrant were not causally related to the earlier illegal entry into defendant's apartment (*see People v Boyson*, 105 AD3d 1364, 1364 [2013], *lv denied* 22 NY3d 1039 [2013]; *see generally People v Arnau*, 58 NY2d 27, 33 [1982], *cert denied* 468 US 1217 [1984]). Present— Centra, J.P., Fahey, Carni, Lindley and Whalen, JJ.