# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**842**

**KA 10-01942**

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DWAYNE D. GARCIA, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered September 7, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, Supreme Court properly denied his request to charge the jury on the lesser included offense of manslaughter in the first degree (§ 125.20 [1]). An eyewitness testified that the victim was seated on a porch listening to music when defendant, who was on the steps, fired a single shot to the victim's head. Defendant admitted to the police that he shot the victim in the head and killed him, and the Medical Examiner testified that the "stippling" present on the victim's body, i.e., unspent gunpowder and small bits of metal, indicated that the shot was fired from a distance of 1 to 1½ feet. We therefore conclude that there is no reasonable view of the evidence that defendant intended to cause serious physical injury but did not intend to kill the victim (*see People v Muhammad*, 100 AD3d 1021, 1022, *lv denied* 20 NY3d 1102; *see generally People v Miller*, 6 NY3d 295, 302; *People v Glover*, 57 NY2d 61, 64).

Contrary to defendant's further contention, the court properly admitted in evidence photographs taken during the autopsy inasmuch as they assisted the jury in understanding the Medical Examiner's testimony concerning the gunshot wound (*see People v Trinidad*, 107 AD3d 1432, 1432, *lv denied* 21 NY3d 1046). Defendant also contends that the court abused its discretion in admitting photographs of the

victim taken at the crime scene because they were not relevant and were highly prejudicial.  We reject that contention (*see People v Pobliner*, 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *see also People v Stevens*, 76 NY2d 833, 835).  In any event, the evidence of defendant's guilt is overwhelming, and there is no significant probability that he would have been acquitted in the absence of the photographs of the crime scene.  We therefore conclude that any error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

We reject defendant's contention that the court erred in denying his *Batson* objections with respect to the use of peremptory challenges for two prospective jurors.  The court's determination of *Batson* objections is entitled to "great deference" (*Batson v Kentucky*, 476 US 79, 98 n 21; *see People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352; *People v Luciano*, 10 NY3d 499, 505), and we conclude that the court did not abuse its discretion in this case.  With respect to one of the prospective jurors, defendant failed to present "facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenge[] to exclude [the] potential juror because of [her] race" (*People v Childress*, 81 NY2d 263, 266; *see People v Green*, 60 AD3d 1320, 1321, *lv denied* 12 NY3d 915).  With respect to the second prospective juror, the court properly determined that the prosecutor offered a race-neutral explanation for the exercise of the peremptory challenge, i.e., that the prospective juror's brother had been imprisoned for a rape conviction (*see People v Johnson*, 74 AD3d 1912, 1913; *People v Jackson*, 37 AD3d 1091, 1091, *lv denied* 8 NY3d 946).  Defendant failed to preserve for our review his contention that the exercise of peremptory challenges for three of four female African-American prospective jurors constituted a *Batson* violation (*see generally People v Cooley*, 48 AD3d 1091, 1092, *lv denied* 10 NY3d 861).  In any event, we conclude that defendant's "numerical argument [is] unsupported by factual assertions or comparisons that would serve as a basis for a prima facie case of impermissible discrimination" (*People v Brown*, 97 NY2d 500, 508).

Finally, the sentence is not unduly harsh or severe.

Entered:  October 7, 2016

Frances E. Cafarell
Clerk of the Court