# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**117**

**KA 14-00840**

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LEEVESTER L. PAYTON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered April 10, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]). Contrary to defendant's contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Any inconsistencies in the victim's testimony were highlighted by defense counsel, and the jury's resolution of credibility issues with respect to the testimony of the victim is entitled to great deference" (*People v DiTucci*, 81 AD3d 1249, 1250, *lv denied* 17 NY3d 794). Defendant further contends that County Court abused its discretion in admitting in evidence a crime scene video depicting the victim after the shooting because, although it concededly was relevant, it was highly prejudicial. We reject that contention (*see People v Stevens*, 76 NY2d 833, 835; *People v Pobliner*, 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *People v Garcia*, 143 AD3d 1283, 1283-1284).

Entered: February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court