People v Carey (2025 NY Slip Op 01944)

People v Carey

2025 NY Slip Op 01944

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-00764
 (Ind. No. 71057/22)

[*1]The People of the State of New York, appellant,
v
Paul Carey, respondent.

Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan, Judith R. Sternberg, and Hilda Mortensen of counsel), for appellant.
John F. Carman, Garden City, NY (Edelstein & Grossman [Jonathan I. Edelstein], of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Nassau County (Robert A. Schwartz, J.), dated December 11, 2023. The order, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the order is affirmed.
The complainant, an employee of the defendant's dental practice, which was attached to the defendant's home, stated that at approximately 1:45 p.m. on February 16, 2022, she heard the defendant screaming her name from within his home. She proceeded to search for the defendant and, upon approaching the bottom portion of a staircase, heard what she believed to be the cocking of a handgun, and looked up to see the defendant "on the top steps holding what appeared to be a handgun." The defendant, chuckling, informed the complainant that he had nearly shot her. The complainant, scared, left the home and called the 911 emergency number, resulting in a large police response to the home. The defendant exited the home and was placed under arrest. Though the police had received no information that anyone else may be in the home following the defendant's exit and apprehension, they made a warrantless entry into the home, engaged in a search of the home, and found a number of firearms.
The defendant was charged with, among other crimes, criminal possession of multiple firearms. He moved, inter alia, to suppress the firearms and any other physical evidence recovered during the search. Following a hearing, the Supreme Court, in an order dated December 11, 2023, granted that branch of the defendant's omnibus motion which was to suppress physical evidence. The People appeal.
Searches and seizures inside a home without a warrant are presumptively unreasonable (see Brigham City v Stuart, 547 US 398, 403; Payton v New York, 445 US 573; People v Knapp, 52 NY2d 689, 694). The prosecution has the burden of proving that the exigencies of the situation justified the warrantless search of an individual's home (see Vale v Louisiana, 399 US 30, 34; People v Jenkins, 24 NY3d 62, 65; People v Knapp, 52 NY2d at 694; People v Hodge, 44 NY2d 553, 557).
The Court of Appeals has stated that under the emergency exception, the police may make a warrantless entry into a protected area if (1) they have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property, (2) the search is not primarily motivated by an intent to arrest and seize evidence, and (3) there is some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched (see People v Mitchell, 39 NY2d 173, 177-178). Although the United States Supreme Court has determined that the second prong, regarding the subjective intent of the police, is not relevant under the Fourth Amendment (see Brigham City v Stuart, 547 US at 404-405), we need not decide whether the second prong of Mitchell is still viable under the New York Constitution because we conclude that the People did not satisfy the first prong of Mitchell (see People v Doll, 21 NY3d 665, 671 n; People v Scott, 133 AD3d 794, 796-797).
Contrary to the People's contentions, there was no evidence of any circumstances that would have provided a reasonable basis for the police to believe that there was an emergency at hand and an immediate need for police assistance for the protection of life or property inside the defendant's home (see People v Scott, 133 AD3d at 797). By the time the police arrived at the home, the complainant had left the premises, the defendant had also exited the home, and "any urgency justifying the warrantless search had abated" (People v Jenkins, 24 NY3d at 65). Thus, the emergency exception to the warrant requirement did not apply (see People v Fields, 45 NY2d 986, 988; People v Sears, 165 AD3d 1482, 1485; People v Ringel, 145 AD3d 1041, 1044-1046). Likewise, the "protective sweep" exception also did not apply in light of the absence of a factual predicate from which the police could reasonably infer that the defendant's home contained another person who may have been injured, destroy evidence, or pose a threat to the officers or the public (see People v Harper, 100 AD3d 772, 774; People v Bost, 264 AD2d 425, 426). As no exigent circumstances justified the warrantless entry by the police into the defendant's home, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to suppress physical evidence recovered pursuant to the police entry and search of the home.
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court