■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MICHAEL FLETCHER, Appellant.—Judgment unanimously reversed, on the law, and new trial granted to be preceded by a new hearing on defendant's motion to suppress identification testimony. Memorandum: Defendant was convicted of assault in the second degree (Penal Law § 120.05 [2]) for stabbing Dennis McQueen in the stomach with a knife during a street brawl that took place outside a bar in the Village of Medina. The brawl involved a number of other individuals and was witnessed by several patrons from the window of the bar. Following a pretrial *Wade* hearing, the court ruled that because of the "inherent suggestiveness" of the photographic identification procedures used by the police, all testimony of identification involving or resulting from the use of photographs should be suppressed. The suppression court, however, failed to make any determination with respect to whether, in spite of the suggestive identification procedure, there was an independent basis for the witnesses' in-court identification of defendant *(see, People v Ballott,* 20 NY2d 600, 606; *People v Smith,* 109 AD2d 1096, 1098). The court improperly left this determination to be decided upon the facts elicited at trial *(see, People v Gonzalez,* 55 NY2d 720, *cert denied* 456 US 1010). Further compounding this error was the fact that three witnesses who did not testify at the pretrial *Wade* hearing were allowed to testify at trial. Although neither statute nor court decisions requires the People to call any particular witness at a *Wade* hearing *(see, People v James,* 110 AD2d 1037; *People v Sutton,* 47 AD2d 455, 459), where, as here, the pretrial identification procedure has been found to be inherently suggestive, the People have the burden of establishing that the in-court identification has not been tainted *(People v Rahming,* 26 NY2d 411, 417; *People v Ballott, supra,* pp 606-607). Since these witnesses did not testify at the pretrial *Wade* hearing, there was no determination made as to an independent basis for the witnesses' in-court identification. Our court cannot make such a finding based solely upon the evidence adduced at trial *(People v Dodt,* 61 NY2d 408, 417; *People v Gonzalez, supra,* pp 721-722). Even though defense counsel failed to object to such identification testimony at trial, there has been no waiver here since he made an appropriate pretrial motion to suppress *(see, People v Dodt, supra,* p 417; *People v Rahming, supra,* p 417). Furthermore, such testimony cannot be viewed as harmless since prosecution witness Gay was the only witness to testify at trial to actually see defendant stab McQueen. Defendant is therefore entitled to a new trial to be preceded by a hearing as to whether there was an

independent basis for the identification testimony of the prosecution witnesses *(see, People v Dodt, supra,* pp 417-418).

We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from judgment of Orleans County Court, Miles, J.—assault, second degree.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.