(June 10, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY L. YOUNG, Appellant. [902 NYS2d 222]—

Rose, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered April 7, 2008 in Otsego County, upon a verdict convicting defendant of the crime of robbery in the second degree (eight counts).

Two men wearing masks and wielding handguns pushed their

way into an apartment, tied up one occupant, forced three others onto the floor, and then stole money and marihuana. When the victims reported the incident, they identified one of the robbers as Vincent Colletti because they all knew him and had recognized his speech impediment during the robbery. After telephone records and the victims' description led police to defendant, he was charged as Colletti's accomplice with eight counts of robbery in the second degree. Following a jury trial, defendant was convicted as charged and sentenced as a second violent felony offender to eight concurrent prison terms of 15 years with five years of postrelease supervision.

Upon appeal, defendant contends that the verdict is against the weight of the evidence because Colletti's accomplice wore a mask and could not be positively identified, the victims' initial descriptions of the accomplice do not match his appearance and there is no physical evidence tying him to the crimes. Defendant also challenges the credibility of Nicole Van Heusen, a companion of his whose testimony placed him with Colletti at the scene of the crime. At trial, Van Heusen and Morgan Purcell testified that, on the day of the robbery, defendant and Van Heusen drove to Purcell's apartment where they met Colletti, and that Van Heusen later drove Colletti and defendant to the victims' house shortly before the robbery occurred. Van Heusen further testified that she waited in the car and, when Colletti and defendant returned, Colletti had money and marihuana. This, together with the victims' identification of Colletti as one of the two robbers, was strong circumstantial evidence supporting the jury's verdict that defendant was the second robber. Also, both Purcell and one of the victims identified defendant at trial. Although the defense pointed out the inconsistencies in the testimony of these witnesses and presented expert testimony regarding the unreliability of eyewitness testimony, we defer to the jury's opportunity to resolve these credibility issues and are not persuaded that the verdict is contrary to the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Sims*, 57 AD3d 1106, 1108-1109 [2008], *lv denied* 12 NY3d 762 [2009]; *People v Robinson*, 53 AD3d 681, 683 [2008], *lv denied* 11 NY3d 794 [2008]).

Defendant also argues that Purcell should not have been permitted to make an in-court identification because his pretrial identification had been tainted by an unduly suggestive photo array. At an independent source hearing, however, Purcell testified that, shortly before the robbery occurred, he had a telephone conversation with defendant during which defendant identified himself by name. Purcell also testified that he then

spent about 30 minutes observing and interacting with defendant at his apartment before the robbery and again for about 10 minutes afterward. This provided ample record support for Supreme Court's determination that there was clear and convincing evidence of an independent basis for Purcell's in-court identification of defendant (*see People v Allah*, 57 AD3d 1115, 1117 [2008], *lv denied* 12 NY3d 780 [2009]; *People v Mitchell*, 42 AD3d 758, 760-761 [2007], *lv denied* 9 NY3d 963 [2007]).

Next, defendant contends that his counsel was ineffective for having failed to request a police officer's notes at the *Wade* hearing, and then not using those notes when they were disclosed with other *Rosario* materials shortly before the trial began. Although the notes in question included a statement by Purcell describing Colletti's accomplice as having blond hair while defendant has brown hair, it would have had minimal exculpatory value and its oversight is not the sort of single substantial error by counsel that qualifies as ineffective representation (*see People v Hobot*, 84 NY2d 1021, 1023-1024 [1995]). In addition, defense counsel made appropriate pretrial motions, pursued a reasonable defense theory based upon weaknesses in the People's proof of the identity of the second robber, made appropriate objections, and aggressively cross-examined the witnesses as to their identifications and past statements (*see People v Gilmore*, 72 AD3d 1191, 1194 [2010]; *People v Boyce*, 2 AD3d 984, 986 [2003], *lv denied* 2 NY3d 796 [2004]). Inasmuch as the representation need not be entirely error free and viewing the totality of the circumstances at the time of the representation, we find that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Varmette*, 70 AD3d 1167, 1172 [2010], *lv denied* 14 NY3d 845 [2010]; *People v Echavarria*, 53 AD3d 859, 864 [2008], *lv denied* 11 NY3d 832 [2008]).

Defendant's remaining contentions are also unavailing. The People's delay in disclosing certain *Rosario/Brady* materials before trial did not prejudice defendant because he was afforded a meaningful opportunity to use these materials (*see People v Williams*, 50 AD3d 1177, 1179 [2008]; *People v McCrone*, 12 AD3d 848, 850 [2004], *lv denied* 4 NY3d 800 [2005]). Nor can we agree that his sentences are harsh and excessive. Given the nature and seriousness of the charges against him, his prior violent felony conviction and his lack of remorse, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his sentences (*see People v Fairley*, 63 AD3d 1288, 1290 [2009], *lv denied* 13 NY3d 743 [2009]). As for defendant's post-trial motion pursuant to CPL 330.30 (2) which alleged juror

misconduct, Supreme Court did not err in denying it without a hearing because the moving papers do not allege any improper outside influence upon the jury or the existence of any extraordinary circumstances that would warrant an invasion of the jury's deliberative process (*see* CPL 330.40 [2] [e] [i]; *People v Samandarov*, 13 NY3d 433, 438 [2009]; *People v Rodriguez*, 71 NY2d 214, 218 n 1 [1988]; *People v Karen*, 17 AD3d 865, 867 [2005], *lv denied* 5 NY3d 764 [2005]; *People v Anderson*, 249 AD2d 405, 405-406 [1998], *lv denied* 92 NY2d 877 [1998]).

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.