■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHNNY RIVAS, Respondent. [909 NYS2d 766]—

Appeal by the People from an order of the Supreme Court, Queens County (Hollie, J.), dated September 10, 2008, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is affirmed.

On May 3, 2007, the defendant allegedly broke into a dwelling and committed various crimes. He was arrested soon thereafter, and was charged in a felony complaint. After arraignment in criminal court on that complaint, the defendant waived his speedy trial rights while the parties attempted to arrive at a disposition. The defendant's waiver was scheduled to expire on July 16, 2007. On the fourth court date, July 2, 2007, the parties again sought an adjournment on consent for the purpose of plea negotiations. The Supreme Court denied the request. Instead, it adjourned the case for grand jury action, and charged the People with that portion of the adjournment following the expiration of the defendant's speedy trial waiver. After three more adjournments for grand jury action, the People obtained an indictment and announced their readiness for trial. The defendant moved to dismiss the indictment pursuant to CPL 30.30, and the Supreme Court granted the motion, concluding that more than six months were chargeable to the People, including the 63-day period between July 16, 2007, when the defendant's previous CPL 30.30 waiver expired, and September 17, 2007, the next adjourned date. The People appeal.

The only period of time at issue on the appeal is the 63-day period between July 16, 2007, and September 17, 2007. The People contend that the period in question is excludable for purposes of CPL 30.30 because the defendant expressly consented to the adjournment, and because the Supreme Court is without authority to contravene a specific exclusion provided in CPL 30.30. We disagree.

CPL 30.30 (4) provides in pertinent part: "In computing the

time within which the people must be ready for trial . . . the following periods must be excluded: . . . (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel. The court must grant such a continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt dispositions of criminal charges." Contrary to the People's contention, the parties may not, by agreement, bind the Supreme Court in determining whether an adjournment is chargeable or excludable. To the contrary, the Supreme Court is obligated to grant an adjournment on consent "only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt dispositions of criminal charges" (CPL 30.30 [4] [b]; *see People v Worley,* 66 NY2d 523, 528).

Here, on the record presented, the Supreme Court did not improvidently exercise its discretion in denying the parties' request for an adjournment on consent, and properly charged the 63-day period to the People. Since the total period of time chargeable to the People exceeded six months, the Supreme Court properly granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.