**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**682**
**KA 10-02355**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARQUIL L. ADAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARQUIL L. ADAMS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 29, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law §160.15 [4]) and robbery in the second degree (§160.10 [1]). Contrary to defendant's contention, we conclude that the evidence, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish his identity as one of the perpetrators of the robbery (*see People v Brown*, 92 AD3d 1216-1217, *lv denied* ___ NY3d ___ [Apr. 30, 2012]). We further conclude that the verdict is not against the weight of the evidence on the issue of identification (*see People v Young*, 74 AD3d 1471, 1472, *lv denied* 15 NY3d 811; *see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant also contends that the pretrial identification by the robbery victim from a photo array should have been suppressed as the fruit of an illegal arrest (*see generally People v Hill*, 53 AD3d 1151, 1151; *People v Robinson*, 282 AD2d 75, 79-82). In its ruling on defendant's suppression motion, Supreme Court concluded that the photo array procedure was not unduly suggestive, but failed to address the legality of defendant's detention or arrest. "CPL 470.15 (1) precludes [this Court] from reviewing an issue that was either decided in an appellant's favor or was not decided by the trial court" (*People*

*v Ingram*, 18 NY3d 948, 949; *see People v LaFontaine*, 92 NY2d 470, 474, *rearg denied* 93 NY2d 849).  Thus, we may not resolve defendant's contention regarding a theory not addressed by the court.  We therefore hold the case, reserve decision and remit the matter to Supreme Court to determine whether the identification testimony should be suppressed as the fruit of an illegal detention or arrest (*see generally People v Chattley*, 89 AD3d 1557, 1558).

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court