# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**92**

**KA 11-00966**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVAN DARK, ALSO KNOWN AS MIKE,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVAN DARK, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered April 11, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to defendant's contention, we conclude that the evidence, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish his identity as the person who sold crack cocaine to the undercover police officers (*see People v Brown*, 92 AD3d 1216, 1216-1217, *lv denied* 18 NY3d 992; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence on the issue of identification (*see People v Young*, 74 AD3d 1471, 1472, *lv denied* 15 NY3d 811; *see generally Bleakley*, 69 NY2d at 495). Moreover, defendant's sentence is not unduly harsh or severe.

Defendant further contends on appeal that he was denied effective assistance of counsel because defense counsel failed to assert an agency defense or timely request a *Wade* hearing. We conclude with

respect to the failure to assert an agency defense that defendant received meaningful representation because "there is no denial of effective assistance based on the failure to 'make a motion or argument that has little or no chance of success' " (*People v Crump*, 77 AD3d 1335, 1336, *lv denied* 16 NY3d 857, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Defendant engaged in "[s]alesman-like behavior" by "touting the quality of the product" (*People v Roche*, 45 NY2d 78, 85, *cert denied* 439 US 958), and he lacked a preexisting relationship with the buyers (*see People v Ortiz*, 76 NY2d 446, 449-450, *remittitur amended* 77 NY2d 821; *see also People v Herring*, 83 NY2d 780, 782-783), who were undercover police officers. Thus, there was no basis for defense counsel to assert an agency defense on behalf of defendant. We conclude with respect to the alleged failure to make a timely request for a *Wade* hearing that the record establishes that defense counsel in fact timely requested a *Wade* hearing in his omnibus motion and again requested a *Wade* hearing in his motion for a trial order of dismissal.

Defendant also asserts that there was a *Brady* violation based on the People's failure to disclose a photograph that was taken by the cell phone camera of an undercover officer, and the failure of the police to preserve the photograph. The record demonstrates, however, both that the People learned at the same time as defendant that the photograph had been taken, and that the photograph was no longer in existence by the time that defendant was arrested. Thus, "the prosecution was not required to impart identifying information unknown to them and not within their possession" (*People v Hayes*, 17 NY3d 46, 52, *cert denied* ___ US ___, 132 S Ct 844). Moreover, inasmuch as " '[t]he exculpatory potential of this evidence [is] purely speculative, its destruction by the police does not violate the *Brady* rule' " (*People v Smith*, 306 AD2d 861, 862, *lv denied* 100 NY2d 599).

Defendant further contends in his pro se supplemental brief that County Court erred in denying his request for a *Wade* hearing. "There is no indication in the record, however, that the court ruled on the motion; i.e., the court neither granted nor denied it on the record before us" (*People v Chattley*, 89 AD3d 1557, 1558). " 'CPL 470.15 (1) precludes [this Court] from reviewing an issue that was either decided in an appellant's favor or was not decided by the trial court' " (*People v Adams*, 96 AD3d 1588, 1589, quoting *People v Ingram*, 18 NY3d 948, 949), "and thus the court's failure to rule on the motion cannot be deemed a denial thereof" (*Chattley*, 89 AD3d at 1558). We therefore hold the case, reserve decision and remit the matter to County Court to rule on defendant's request for a *Wade* hearing with respect to the identification procedures referenced in the People's CPL 710.30 notice.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court