# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

410
KA 10-02355
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

MARQUIL L. ADAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 29, 2010.  The appeal was held by this Court by order entered June 15, 2012, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (96 AD3d 1588).  The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted to be preceded by a new hearing on defendant's motion to suppress identification testimony.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]).  We previously held the case, reserved decision, and remitted the matter to Supreme Court to determine whether testimony concerning the pretrial identification by the robbery victim from a photo array should be suppressed as the fruit of an illegal detention or arrest (*People v Adams*, 96 AD3d 1588, 1589).  Upon remittal, the court concluded that the victim's pretrial identification should be suppressed as the fruit of an illegal detention or arrest.  Inasmuch as the identification of defendant by the victim was critical to the prosecution and there was no evidence at the suppression hearing to permit a determination whether the in-court identification had an independent source, defendant is "entitled to a new trial to be preceded by a hearing as to whether there was an independent basis for the identification testimony of the [robbery victim]" (*People v Fletcher*, 115 AD2d 293, 294-295; *see People v Coates*, 74 NY2d 244, 250; *People v Dodt*, 61 NY2d 408, 417).

Contrary to defendant's contention, he is not entitled to dismissal of the indictment (*see Dodt*, 61 NY2d at 418).  Defendant

failed to preserve for our review his further contention that certain other evidence should have been suppressed as the alleged fruit of his illegal detention or arrest (*see generally People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we do not address the People's contention that the court's determination upon remittal was erroneous and that the conviction should be affirmed. "CPL 470.15 (1) limits our jurisdiction to a determination of any question of law or issue of fact involving error which may have adversely affected the appellant. Since we are reviewing a judgment on the defendant's appeal, and the issue of whether the [identification testimony was the fruit of an illegal detention or arrest] was not decided adversely to him, we are jurisdictionally barred from considering that issue" (*People v Harris*, 93 AD3d 58, 66, *affd* 20 NY3d 912; *see People v Concepcion*, 17 NY3d 192, 195).