# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**849**

**KA 11-02049**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WILLIE SYKES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 16, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, unlawful possession of marihuana, failure to display head lamps and improper license plates.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (§ 265.02 [1]), unlawful possession of marihuana (§ 221.05), failure to display head lamps (Vehicle and Traffic Law § 375 [2] [a] [1]), and improper license plates (§ 402 [1]). We agree with defendant that Supreme Court erred in refusing to suppress the gun recovered from the vehicle based upon the inevitable discovery doctrine. The testimony at the suppression hearing established that, during a lawful traffic stop, one of the police officers asked defendant whether there were any drugs or weapons in the vehicle before instructing defendant to exit the vehicle. After defendant admitted to having marihuana on his person, the police officer asked defendant to exit the vehicle and, following suspicious behavior by another occupant of the vehicle, searched the vehicle and found a gun in plain view. Notably, the court did not address whether the officer had the requisite founded suspicion of criminal activity to justify an inquiry concerning the presence of drugs or weapons in the vehicle (*see generally People v Garcia*, 20 NY3d 317, 322-323; *People v De Bour*, 40 NY2d 210, 223). Instead, the court refused to suppress the gun on the ground that the police "could" have taken various actions after the traffic stop that would have inevitably led to the discovery of the gun. The People,

however, did not raise the inevitable discovery doctrine as a ground for denying suppression of the gun, nor did they meet their burden of "demonstrat[ing] a very high degree of probability that normal police procedures would have uncovered the challenged evidence independently of [a] tainted source" (*People v Turriago*, 90 NY2d 77, 86, *rearg denied* 90 NY2d 77 [internal quotation marks omitted]; *see People v Fitzpatrick*, 32 NY2d 499, 507, *cert denied* 414 US 1033, 1050; *People v Walker*, 198 AD2d 785, 787; *cf. People v Watson*, 188 AD2d 501, 502).

Further, even if a founded suspicion of criminal activity supported the police officer's inquiry (*see Garcia*, 20 NY3d at 322-323), we are precluded from affirming with respect to the court's refusal to suppress the gun "on a theory not reached by the suppression court" (*People v Ingram*, 18 NY3d 948, 949; *see People v Concepcion*, 17 NY3d 192, 195; *People v LaFontaine*, 92 NY2d 470, 473-474, *rearg denied* 94 NY2d 849).  We therefore hold the case, reserve decision and remit the matter to Supreme Court to determine whether the police officer had a founded suspicion of criminal activity to justify his inquiry (*see generally People v Coles*, 105 AD3d 1360, 1363).

Entered:  October 4, 2013                          Frances E. Cafarell
                                                   Clerk of the Court