# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1094**

**KA 11-02049**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIE SYKES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 16, 2011.  The appeal was held by this Court by order entered October 4, 2013, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (110 AD3d 1437).  The proceedings were held and completed (M. William Boller, A.J.).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  We previously held this case, reserved decision, and remitted the matter to Supreme Court to determine whether the police officer had a founded suspicion of criminal activity to justify his inquiry (*People v Sykes*, 110 AD3d 1437, 1438).  Upon remittal, the court denied defendant's request for suppression, and we now affirm. The court properly concluded that the police officer developed a founded suspicion based upon defendant's inability to produce a vehicle registration or driver's license or any form of identification, his nervous and fidgety behavior, and his suspicious answers regarding his destination (*see People v McCarley*, 55 AD3d 1396, 1396-1397, *lv denied* 11 NY3d 899; *see also People v Garcia*, 20 NY3d 317, 322; *see generally People v Hollman*, 79 NY2d 181, 191-192; *People v De Bour*, 40 NY2d 210, 223).  We reject defendant's contention that the police officer's testimony was "incredible" and "self-contradictory," and we conclude that the court's credibility determinations are entitled to deference (*see People v Prochilo*, 41 NY2d 759, 761; *People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795).  Finally, we reject defendant's contention that the court exceeded the scope of the remittal order.  The court was required to "make findings of fact essential to the determination" whether the

police officer had the requisite founded suspicion (CPL 710.60 [4]).

Entered:  November 14, 2014              Frances E. Cafarell
                                        Clerk of the Court