THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMER CHAZBANI, Appellant. [40 NYS3d 513]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopresto, J.), rendered April 20, 2015, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements to law enforcement officials in accordance herewith, and thereafter a report to this Court advising of the new determination, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

Initially, contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment pursuant to CPL 30.30. The People satisfied their burden of showing that an adjournment from July 14, 2011, to August 11, 2011, was consensual by submitting the waiver of speedy trial rights signed by defense counsel (*see People v Benard*, 69 AD3d 952, 953 [2010]; *People v Mena*, 29 AD3d 349, 350 [2006]; *cf. People v Rivas*, 78 AD3d 739, 739-740 [2010]).

At the suppression hearing in this case, a police officer testified that he responded to a report of an assault in progress and found three individuals, including the defendant, who had been shot in his right arm. The officer testified that the defendant told him that he had been the victim of a drive-by shooting; specifically, the assailants had driven an SUV down the street, firing multiple gunshots as they passed by. The defendant was standing near a minivan which, according to the officer's testimony, had multiple gunshot holes in it, and the defendant informed the officer that the minivan was his. Other individuals also informed the officer that the minivan belonged to the defendant. After the defendant was taken to a hospital, the officer searched the minivan for evidence, and discovered a firearm. The defendant later admitted to the police that he owned the firearm, and he was charged with criminal possession of a weapon in the third degree. After a pretrial hearing, the Supreme Court denied those branches of the defendant's motion which were to suppress the firearm and his statements to law enforcement officials. Although the People opposed the suppression motion principally on the basis that the police officer had probable cause to search the minivan, based on his testimony that, after responding to the scene of an alleged shooting, he observed bullet holes in the minivan, the court denied suppression on the ground that the defendant lacked standing to challenge the search of the minivan.

The Supreme Court erred in determining that the defendant did not have standing to challenge the search. The court found that the defendant lacked standing because "any information that the defendant was involved with this car or connected with this car was based upon statements made by unnamed individuals that the defendant had been driving this vehicle." However, this finding is contradicted by the record. The police officer testified at the suppression hearing that the defendant himself asserted that he owned the minivan. Inasmuch as no contrary proof was presented, this evidence was sufficient to establish the defendant's standing to challenge the search of the vehicle (*see People v Gonzalez*, 68 NY2d 950, 951 [1986]; *cf. People v Sanchez*, 64 AD3d 618, 619 [2009]).

As a result of its erroneous conclusion, the Supreme Court did not consider the merits of the People's contention that suppression should be denied because the police officer had probable cause to search the minivan. On appeal, the People argue that the existence of such probable cause provides an alternative basis for upholding the ruling on the suppression motion and affirming the judgment of conviction. However, because

the Supreme Court did not decide that issue adversely to the defendant, this Court is precluded from reviewing that issue on the defendant's appeal (*see* CPL 470.15 [1]; *People v Ingram*, 18 NY3d 948, 949 [2012]; *People v Concepcion*, 17 NY3d 192, 195 [2011]; *People v LaFontaine*, 92 NY2d 470, 473-474 [1998]; *People v Goodfriend*, 64 NY2d 695 [1984]).

In *People v LaFontaine*, the Court of Appeals explained that the Appellate Division is statutorily limited to reviewing errors or defects that "may have adversely affected the appellant" (CPL 470.15 [1]), and thus the Court has no power "to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (*People v LaFontaine*, 92 NY2d at 474). The Court of Appeals observed that, once the Appellate Division has rejected a trial court's ruling on a particular issue, it may not proceed to consider other issues that might provide a basis for affirmance if they were not determined adversely to the appellant. Rather, the Appellate Division is "left with little alternative but to reverse the denial of suppression and remit the case to Supreme Court for further proceedings. In these unusual circumstances, the People might be able to seek reexamination of the alternative suppression justifications that have been part of this case since its onset, either before the nisi prius court on the remittal or, depending on the nature and configuration of eventual new rulings there, on an ensuing appeal" (*id.* at 474-475). The Court of Appeals, however, did not specify what "further proceedings" should transpire upon remittal of the matter to the Supreme Court. At the conclusion of the *LaFontaine* decision, the Court simply stated: "Accordingly, the order of the Appellate Division should be reversed, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion" (*id.* at 476; *see People v Ingram*, 18 NY3d at 949 [reversing Appellate Division order and remitting matter to the Supreme Court "for further proceedings in accordance with this memorandum"]; *People v Concepcion*, 17 NY3d at 201 [modifying Appellate Division order "by remitting to Supreme Court for further proceedings in accordance with this opinion"]).

In remitting cases for "further proceedings" where the trial court has erred in denying a defendant's motion to suppress evidence and CPL 470.15 (1) precludes reaching an alternative ground for affirmance raised by the People on appeal, the intermediate appellate courts of this State have employed a variety of corrective measures. In some cases, the Appellate Division has reversed or modified the judgment of conviction and granted the suppression motion, thereupon dismissing the

relevant charges or remitting the matter for a new trial (*see People v Scott*, 133 AD3d 794, 795, 797-798 [2015]; *People v Blanding*, 116 AD3d 498 [2014]; *People v Gonzales*, 111 AD3d 147, 149 n, 157 [2013]; *People v Marcial*, 109 AD3d 937, 937, 939 [2013]; *People v Lee*, 96 AD3d 1522, 1523, 1526 [2012]; *People v Harris*, 93 AD3d 58, 66, 75 [2012], *affd* 20 NY3d 912 [2012]; *People v Sedunova*, 83 AD3d 965, 966, 968 [2011]). In at least one case, the Appellate Division has modified the judgment by vacating the relevant convictions and the determination of the defendant's suppression motion and remitted the matter for further proceedings, thus allowing for a new determination of the suppression motion (*see People v Thompson*, 118 AD3d 922, 922, 924-925 [2014]). In other cases, the Appellate Division has held the appeal in abeyance and remitted the matter for consideration of the alternative issue raised by the People on appeal and a new determination of the suppression motion (*see People v Rainey*, 110 AD3d 1464 [2013]; *People v Sykes*, 110 AD3d 1437 [2013]; *People v Coles*, 105 AD3d 1360 [2013]; *People v Dark*, 104 AD3d 1158 [2013]; *People v Adams*, 96 AD3d 1588 [2012]; *People v Washington*, 82 AD3d 570 [2011]; *People v Jones*, 39 AD3d 1169 [2007]). In the latter category of cases, if the new determination is adverse to the defendant, the merits of that determination may be considered by the Appellate Division on the defendant's held-in-abeyance appeal (*see e.g. People v Rainey*, 122 AD3d 1314 [2014]; *People v Washington*, 91 AD3d 534 [2012]; *cf. People v Adams*, 106 AD3d 1496 [2013]).

This Court has deemed it appropriate to reverse or modify the judgment of conviction, rather than holding the appeal in abeyance, where no purpose would be served by holding the appeal and directing that a new determination be made. This is the case, for example, where a determination of the alternative issue would not change the ultimate determination of the suppression motion (*see People v Scott*, 133 AD3d at 798), or where the trial court has already determined the alternative issue in the defendant's favor, in which case the issue would, in all likelihood, be decided in the defendant's favor again, and thus would remain unreviewable after remittal (*see People v Thompson*, 118 AD3d at 923, 925). However, where, as here, the alternative issue raised by the People on appeal has not been determined by the trial court, and the resolution of that issue could affect the determination of the suppression motion, we deem it appropriate to hold the defendant's appeal in abeyance and remit the matter for consideration of the alternative issue.

Accordingly, under the circumstances of this case, we hold

the appeal in abeyance and remit the matter to the Supreme Court, Queens County, for consideration, based upon the evidence presented at the previously conducted suppression hearing, of the issue of whether the police officer had probable cause to search the minivan, and a new determination of those branches of the defendant's motion which were to suppress the firearm and his statements to law enforcement officials. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.