■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SEKOU SHUTSHA, Appellant. [54 NYS3d 850]—

Appeal from judgment, Supreme Court, New York County
(Ronald A. Zweibel, J., at suppression hearing; James M.

Burke, J., at jury trial and sentencing), rendered June 10, 2015, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, held in abeyance, and the matter is remitted to Supreme Court for a new suppression hearing.

The existing, unexpanded record is sufficient to establish that defendant received ineffective assistance when his trial counsel failed to argue at the suppression hearing that there were no exigent circumstances justifying the warrantless search of defendant's bag incident to his arrest. There was no reasonable strategic basis for defense counsel's failure to challenge the search of the bag on the ground of lack of exigency, and defendant has presented substantial arguments for suppression on that ground (*see People v Clermont*, 22 NY3d 931 [2013]).

However, we reject defendant's argument that, rather than ordering a new hearing, we should reverse and grant suppression. The issue was plainly unpreserved (*see People v Miranda*, 27 NY3d 931 [2016]), and, owing to the lack of focus on this issue at the hearing, the record is insufficiently developed with regard to the precise circumstances of the search of defendant's bag. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.