■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMER CHAZBANI, Appellant. [60 NYS3d 433]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopresto, J.), rendered April 20, 2015, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. By decision and order of this Court dated November 9, 2016, the matter was remitted to the Supreme Court, Queens County, for a new determination of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials, and thereafter a report to this Court advising of the new determination (*People v Chazbani*, 144 AD3d 836 [2016]). The appeal was held in abeyance pending receipt of a report from the Supreme Court, Queens County. The Supreme Court, Queens County (Paynter, J.), has now submitted its report.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant was arrested and charged with criminal possession of a weapon in the third degree after a police officer, who had responded to an assault in progress and learned that the defendant was the victim of a drive-by shooting, searched a minivan the defendant had identified as his and discovered a firearm. The defendant later admitted to the police that the firearm was his.

The defendant moved, inter alia, to suppress the gun evidence and his statements to the police. After a hearing, the Supreme Court denied those branches of the defendant's motion. Although the People had opposed the suppression motion principally on the basis that the police officer had probable cause to search the minivan, the court denied suppression on the ground that the defendant lacked standing to challenge the search of the minivan, and never reached the question of whether there was probable cause for the search.

In a decision and order dated November 9, 2016, this Court determined that the Supreme Court erred in concluding that the defendant lacked standing to challenge the search of his vehicle (*see People v Chazbani*, 144 AD3d 836, 837 [2016]). Although the People had argued on appeal that the existence of probable cause provided an alternative basis for upholding the ruling on the suppression motion and affirming the judgment of conviction, this Court was precluded from reviewing that issue on the defendant's appeal because the Supreme Court did not decide that issue adversely to the defendant (*see* CPL

470.15 [1]; *People v Ingram*, 18 NY3d 948, 949 [2012]; *People v Concepcion*, 17 NY3d 192, 195 [2011]; *People v LaFontaine*, 92 NY2d 470, 473-474 [1998]; *People v Goodfriend*, 64 NY2d 695 [1984]; *People v Chazbani*, 144 AD3d at 838). Since the alternative issue raised by the People on appeal had not been determined by the trial court, and the resolution of that issue could have affected the determination of the suppression motion, this Court held the defendant's appeal in abeyance and remitted the matter for consideration of the alternative issue (*see People v Chazbani*, 144 AD3d at 839-840).

On remittal, the Supreme Court (Paynter, J.) concluded that the police officer lacked probable cause for the search, and thus, that the gun evidence and the defendant's statements were subject to suppression. Since the Supreme Court decided the issue of probable cause in the defendant's favor, this Court is precluded from reviewing it on the defendant's appeal (*see* CPL 470.15 [1]; *People v Ingram*, 18 NY3d at 949; *People v Concepcion*, 17 NY3d at 195; *People v LaFontaine*, 92 NY2d at 473-474; *People v Goodfriend*, 64 NY2d 695 [1984]).

Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Queens County, for the entry of an order granting those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. Pursuant to CPL 450.50, the People may appeal from that order, if they be so advised. We express no opinion as to the merits of the Supreme Court's determination of the probable cause issue. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.