People v Thomas (2018 NY Slip Op 08962)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Thomas

2018 NY Slip Op 08962

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-06293
(Ind. No. 3194/13)

[*1]The People of the State of New York, respondent,
vMichael Thomas, appellant.

Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and John F. McGoldrick of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered June 23, 2015, convicting him of criminal possession of a weapon in the second degree, attempt to evade or defeat taxes on cigarettes, and unlawful possession of unstamped or unlawfully stamped cigarettes, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kenneth Holder, J.), of that branch of the defendant's omnibus motion which was to suppress a gun recovered by the police.
ORDERED that the matter is remitted to the Supreme Court, Queens County, for a new determination of that branch of the defendant's omnibus motion which was to suppress a gun in accordance herewith, and thereafter a report to this Court advising of the new determination, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.
The defendant was charged with, inter alia, two counts of criminal possession of a weapon in the second degree, attempt to evade or defeat taxes on cigarettes, and unlawful possession of unstamped or unlawfully stamped cigarettes. He moved to suppress a gun and cigarettes that the police recovered from his vehicle.
At the suppression hearing, a police officer testified that he observed the defendant give a carton of cigarettes to an unidentified individual in exchange for money. The police officer and his partner approached the defendant, who was standing behind a minivan with the door to the minivan open. The police officers observed several duffel bags in the vehicle. One of the duffel bags was open and contained additional cigarette cartons bearing Georgia tax stamps. The officers arrested the defendant. Since one of the police officers was going to drive the defendant's vehicle to the police station, for safety, that officer performed a quick check of the defendant's vehicle. He found a loaded gun in a closed drawer under the front passenger seat.
In a written decision following the suppression hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the gun and the cigarettes "for the reasons stated on the record." In an oral decision, the court explicitly found that the recovery of the cigarettes was lawful under the inevitable discovery and search incident to a lawful arrest exceptions to the warrant requirement, but the court did not explicitly address the suppression of the [*2]gun.
This Court is statutorily limited to reviewing errors or defects that "may have adversely affected the appellant" (CPL 470.15[1]), and thus has no power "to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (People v LaFontaine, 92 NY2d 470, 474). The Court of Appeals has observed that, once the Appellate Division has rejected a trial court's ruling on a particular issue, it may not proceed to consider other issues that might provide a basis for affirmance if they were not determined adversely to the appellant (see id.; People v Chazbani, 144 AD3d 836, 838).
Here, the defendant contends that the Supreme Court incorrectly denied that branch of his omnibus motion which was to suppress the gun, arguing that the inevitable discovery and search incident to a lawful arrest exceptions did not apply. The People contend, as they did before the Supreme Court, that the automobile exception applies. However, the court did not set forth the basis for its denial of the branch of the defendant's motion which was to suppress the gun. Furthermore, on this record, we cannot determine the unarticulated predicate for the court's evidentiary ruling (see People v Nicholson, 26 NY3d 813, 817). Therefore, in order to avoid exceeding our statutory authority pursuant to CPL 470.15(1), we hold the appeal in abeyance and remit the matter to the Supreme Court, Queens County, for a new determination of that branch of the defendant's omnibus motion which was to suppress the gun. The court shall articulate the basis for its determination based upon the evidence presented at the previously conducted suppression hearing. We decide no other issues at this time.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court