People v Chazbani (2018 NY Slip Op 08949)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Chazbani

2018 NY Slip Op 08949

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-11149
2017-11151
(Ind. No. 1655/11)

[*1]The People of the State of New York, appellant,
vTomer Chazbani, respondent.

Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Edward D. Saslaw, and Antara D. Kanth of counsel), for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.

DECISION & ORDER
Appeal by the People from (1) an order of the Supreme Court, Queens County (Steven Paynter, J.), dated April 24, 2017, and (2) an order of the same court dated September 19, 2017. The order dated April 24, 2017, upon remittitur from this Court, granted the defendant's motion to suppress physical evidence and his statements to law enforcement officials. The order dated September 19, 2017, insofar as appealed from, upon reargument, adhered to the original determination in the order dated April 24, 2017.
ORDERED that the appeal from the order dated April 24, 2017, is dismissed, as that order was superseded by the order dated September 19, 2017, made upon reargument; and it is further,
ORDERED that the order dated September 19, 2017, is affirmed insofar as appealed from.
In a decision and order dated November 9, 2016, on the defendant's appeal from a judgment of conviction, this Court held the defendant's appeal in abeyance and remitted the matter to the Supreme Court, Queens County, for a new determination, based upon the evidence presented at the previously conducted suppression hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements to law enforcement officials (see People v Chazbani, 144 AD3d 836). Upon remittitur, in an order dated April 24, 2017, the Supreme Court concluded that the physical evidence and the defendant's statements were subject to suppression. In a decision and order dated August 30, 2017, in light of the Supreme Court's determination regarding suppression, this Court reversed the judgment of conviction and remitted the matter to the Supreme Court for the entry of an appropriate order (People v Chazbani, 153 AD3d 930). The People moved before the Supreme Court to reargue their opposition to those branches of the defendant's omnibus motion which were to suppress the physical evidence and his statements to law enforcement officials. In an order dated September 19, 2017, the Supreme Court granted reargument, and adhered to its original determination. The People appeal (see CPL 450.50).
We agree with the Supreme Court that the People failed to meet their burden of [*2]establishing that the circumstances presented fell within the narrow automobile exception to the State constitution's warrant requirements (see NY Const, art I, § 12; People v Galak, 81 NY2d 463, 467; People v Langen, 60 NY2d 170, 180-181; People v Belton, 55 NY2d 49, 53-54; see also People v Class, 67 NY2d 431, 433).
The People's remaining contention is not properly before this Court, as it was raised for the first time on remittitur.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court