People v Howell (2022 NY Slip Op 07452)

People v Howell

2022 NY Slip Op 07452

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-09461
 (Ind. No. 801/17)

[*1]The People of the State of New York, respondent,
v
Leon Howell, also known as Jase Daniells, appellant.

Patricia Pazner, New York, NY (Kathleen Whooley of counsel; Marissa Cohen and Ned Schefer on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Marie John-Drigo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered July 22, 2019, convicting him of strangulation in the second degree, criminal possession of stolen property in the fourth degree, and false personation, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Evelyn J. Laporte, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the matter is remitted to the Supreme Court, Kings County, for a new hearing and determination of that branch of the defendant's omnibus motion which was to suppress physical evidence, and thereafter a report to this Court advising it of the new determination, and the appeal is held in abeyance in the interim; the Supreme Court, Kings County, shall file its report with all convenient speed.
The existing, unexpanded record is sufficient to establish that the defendant received ineffective assistance of counsel when his counsel failed to use surveillance video to contest the question of whether a search of the defendant's jacket was incident to his arrest. There was no reasonable strategic basis for defense counsel's failure to contend that the search of the defendant's jacket was not incident to his arrest, and the defendant has presented substantial arguments for suppression on that ground (see People v Clermont, 22 NY3d 931; People v Shutsha, 151 AD3d 657). Accordingly, we must hold the appeal in abeyance and remit the matter to the Supreme Court, Kings County, for a new hearing and determination of that branch of the defendant's omnibus motion which was to suppress physical evidence, and thereafter a report to this Court advising it of the new determination.
In light of the foregoing, we do not address the defendant's remaining contentions at this juncture.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court