People v Howell (2025 NY Slip Op 00112)

People v Howell

2025 NY Slip Op 00112

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-09461
 (Ind. No. 801/17)

[*1]The People of the State of New York, respondent,
v
Leon Howell, also known as Jase Daniells, appellant.

Patricia Pazner, New York, NY (Kathleen Whooley of counsel; Marissa Cohen and Ned Schefer on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Marie John-Drigo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered July 22, 2019, convicting him of strangulation in the second degree, criminal possession of stolen property in the fourth degree, and false personation, upon a jury verdict, and imposing sentence. By decision and order dated December 28, 2022, this Court remitted the matter to the Supreme Court, Kings County, for a new hearing and determination of that branch of the defendant's omnibus motion which was to suppress physical evidence, and thereafter a report to this Court advising it of the new determination, and held the appeal in abeyance in the interim (see People v Howell, 211 AD3d 1038). The Supreme Court, Kings County (Jane C. Tully, J.), has now filed its report.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of stolen property in the fourth degree and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In 2019, the defendant was convicted of strangulation in the second degree as to a first complainant and criminal possession of stolen property in the fourth degree, based on the recovery of property belonging to a second complainant, which was found in a jacket upon the defendant's arrest for strangulation. The defendant was also convicted of false personation in relation to statements that he made at the police precinct station house following his arrest. Prior to trial, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress physical evidence, determining that the police had probable cause for his arrest and that the search of the jacket was incident to his lawful arrest. In a prior decision and order, this Court held the defendant's appeal in abeyance and remitted the matter to the Supreme Court for a new hearing and determination of that branch of the defendant's omnibus motion which was to suppress physical evidence, and thereafter a report to this Court advising it of the new determination (see People v Howell, 211 AD3d 1038). After conducting a new suppression hearing, the Supreme Court filed a report, upon consideration and review of all arguments raised by the parties at the hearing, which did not disturb its determination concerning probable cause for the arrest, but which determined, inter [*2]alia, that the People failed to meet their burden of demonstrating that the search of the jacket was justified as a search incident to the defendant's arrest.
Since the Supreme Court decided the issue of the legality of the search of the jacket in the defendant's favor on remittitur, this Court is precluded from reviewing that issue on the defendant's appeal (see CPL 470.15[1]; People v Ingram, 18 NY3d 948, 949; People v Concepcion, 17 NY3d 192, 196; People v LaFontaine, 92 NY2d 470, 474; People v Chazbani, 153 AD3d 930, 932). Accordingly, the defendant's conviction of criminal possession of stolen property in the fourth degree, premised upon recovery of the stolen property from the jacket, must be vacated (see People v Tates, 189 AD3d 1088, 1088; People v Chazbani, 153 AD3d at 931; People v Thompson, 118 AD3d 922, 922).
"'Whether an error in the proceedings relating to one count requires reversal of convictions on other jointly tried counts is a question that can only be resolved on a case-by-case basis'" (People v Thomas, 146 AD3d 991, 993, quoting People v Baghai-Kermani, 84 NY2d 525, 532). Here, contrary to the defendant's contention, there is no reasonable possibility that the jury's decision to convict on the count of criminal possession of stolen property in the fourth degree influenced its verdict of guilty on the remaining counts in a meaningful way, as the evidence in support of the defendant's convictions for strangulation in the second degree and false personation was strong and was not "'factually related' in any meaningful way" to the items recovered from the defendant's jacket (People v Baghai-Kermani, 84 NY2d at 533).
The Supreme Court properly determined that the police had probable cause to arrest the defendant for the strangulation of the first complainant based on the "fellow officer rule" (People v Ketcham, 93 NY2d 416, 419; see People v Henderson, 83 AD3d 864; People v Green, 13 AD3d 646). The arresting officer lawfully arrested the defendant as she was acting upon the direction of an officer in possession of information sufficient to constitute probable cause for the arrest (see People v Ketcham, 93 NY2d at 419).
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of strangulation in the second degree and false personation is only partially preserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of strangulation in the second degree and false personation beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 494). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Accordingly, we modify the judgment by vacating the conviction of criminal possession of stolen property in the fourth degree and the sentence imposed thereon and remit the matter to the Supreme Court, Kings County, for the entry of an order granting that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the jacket (see People v Chazbani, 153 AD3d at 932).
GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court